IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET F. JEFFRIES,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | Civil Action No.   0 6 -  7 0 7 |
| JOHN E. POTTER, POSTMASTER GENERAL,<br>UNITED STATES POSTAL SERVICE,<br>    Defendant. | )<br>)<br>)<br>) | JURY TRIAL DEMANDED |

**COMPLAINT**

**Parties**

1. Plaintiff Janet Jeffries is, and at all times relevant hereto was, a female Caucasian of Italian-American background, residing in Kent County, Delaware and employed by the United States Postal Service.

2. Defendant, John E. Potter, Postmaster General, United States Postal Service, is the legal representative and head of the United States Postal Service, an agency of the United States of America (which defendant is hereinafter referred to as "USPS") and the employer, at all relevant times, of plaintiff Jeffries.

**Jurisdiction**

3. This United States District Court for the District of Delaware has jurisdiction over the parties and the claims by virtue of the pendency of a federal claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 et seq., and 28 U.S.C. §§ 1331, 1343, 1339, and 1346.

## Facts

4. Ms. Jeffries commenced employment with the United States Postal Service on or about December 4, 1993, beginning as a "Christmas casual clerk" at the Dover, Delaware post office.

5. During the years of her employment, Ms. Jeffries advanced through various different positions, at various locations, including the Hartley, Delaware post office and the Delaware Processing and Distribution Center (hereinafter "P&DC") located in Wilmington, Delaware.

6. Ms. Jeffries has worked continuously at the P&DC since March of 1998, handling several different jobs in an able and competent fashion.

7. On November 11, 2003, Ms. Jeffries was physically assaulted by a co-worker, Delores Thomas (hereinafter sometimes referred to as "Ms. Thomas"), who pushed into her with a tub of mail and engaged in a tirade of abusive, profane, and derogatory shouting directed at Ms. Jeffries and her family, which abuse and tirade began on the workroom floor and continued into the ladies' locker room and extended over a period of approximately thirty minutes, and included challenges to fight.

8. Ms. Jeffries did absolutely nothing to incite Ms. Thomas's tirade, but was rather the victim of the tirade and surrounding abuse, as witnessed by at least four co-workers, including Karen Bayard, Lynette Morrow, Bobby Ford, and Frank Frisby.

9. Ms. Jeffries immediately reported the incident to the Manager for Distribution and Operations ("MDO") of Tour 3 (a "tour" is a shift) Angelo Lambert (an African-American), and also informed her immediate supervisor, Anne Thomas; these individuals were near the locker

2

room at or about the time of the incidents, and Ms. Jeffries told them that she felt greatly threatened by Dolores Thomas's outrageous and frightening conduct.

10. Soon thereafter that same evening, while Ms. Jeffries was meeting with Mr. Lambert, Ms. Bayard offered to give a statement to Mr. Lambert, but Mr. Lambert refused to take the statement.

11. On November 14, 2003, Ms. Jeffries met with Lead Manager for Distribution and Operations ("LMDO") John R. Williams, Mr. Lambert's superior; she related the facts of the incident, identified the witnesses, and requested an investigation.

12. Over the course of the next two weeks, it appeared to Ms. Jeffries that the investigation was either stalled or improperly haphazard, with Mr. Williams losing the witness statement of Ms. Bayard, and appearing to engage in no proactive inquiry.

13. Ms. Jeffries and her union representative, Doris Perry, raised their concerns about the pace of the investigation with Mr. Williams, who attempted to minimize the severity of the actions of Ms. Thomas.

14. Despite his apparent effort to minimize the severity of Ms. Thomas's actions, Mr. Williams made the contradictory statement that, had Ms. Jeffries acted as had Ms. Thomas, he would have fired Ms. Jeffries; this statement, made in the presence of Ms. Jeffries and Ms. Perry, amounted to an admission on the part of Mr. Williams that he was prone to treating an African-American subordinate such as Ms. Thomas significantly less strictly than a Caucasian subordinate such as Ms. Jeffries.

15. On information and belief, the gap of two weeks prior to the institution of a full-scale investigation, which was caused by the foot-dragging of Mr. Williams and possibly other

unknown individuals, was an intentional result designed to insulate Ms. Thomas from certain remedial penalties that would have been available had the investigation been initiated and/or prosecuted in a swift and timely fashion; indeed, on information and belief, there has been no discipline instituted against Ms. Thomas despite the coarse, ugly, and threatening nature of her conduct towards Ms. Jeffries.

16. Ms. Jeffries suffered great stress on the job, based upon her understanding and recognition that abusive and threatening behavior on the part of Ms. Thomas or other African-Americans would not be prevented or corrected by her superiors, including Mr. Lambert and Mr. Williams; this stress arose out of legitimate fears for personal physical safety as well as fears of ongoing verbal and/or psychological abuse, creating a pervasive atmosphere of hostility and harassment in the workplace that changed the conditions of Ms. Jeffries' employment, and caused her to seek medical treatment for stress and psychological pain.

17. Ms. Jeffries attempted to obtain a transfer to a different job in a less stressful location, and in pursuit of such a transfer she obtained the support and assistance of EAP counselor Ms. Kim Wayman, who supported the need for a transfer.

18. Mr. Williams obstructed the transfer sought by Ms. Jeffries.

19. On January 2, 2004, Ms. Thomas falsely accused Ms. Jeffries of pushing a co-worker in the ladies room; Mr. Williams promptly and thoroughly investigated this false allegation (indeed, even the alleged victim of the push denied that she had been pushed) made by an African-American, in contrast to his actions towards Ms. Jeffries's earlier accurate allegations with regard to Ms. Thomas's tirade, which Mr. Williams failed to properly investigate.

20.  Mr. Williams's actions demonstrate his tendency to investigate claims of workplace incidents submitted by African-Americans with greater thoroughness than those submitted by Caucasian employees.

21.  Although it is a stated policy in the P&DC that all acts and threats of violence are to be investigated, and that demonstrated acts and threats of violence are not to be tolerated, in actual practice in the P&DC workplace acts and threats of violence committed by African-American workers are not reviewed with care or properly remedied, while alleged acts and threats of violence by Caucasian employees are vigorously reviewed; stated simply, there is a blatant "double standard" amounting to discrimination against the Caucasian workers.

22.  Similarly, abusive language by African-American employees indicating discriminatory motivation, such as calling Caucasian employees "white honky bitches," is tolerated in the P&DC workplace, while statements of a similar abusive and discriminatory character are not tolerated if made by Caucasian employees.

23.  Moreover, in general the workplace conduct and job performance of Caucasian employees is measured against a much higher standard than that of African-American employees, leading to ongoing corrective actions towards, and nitpicking of, the performance of Caucasian employees when the same conduct and/or performance would be deemed acceptable by African-American employees.

24.  The tendency to nitpick Caucasian employees with excessive corrective instructions is ongoing with regards to Ms. Jeffries, and is discriminatory and retaliatory; in addition, Ms. Jeffries was improperly placed on the overnight "graveyard" tour (i.e. shift) for a period of approximately 9-10 months in 2004-2005, which shift change was discriminatory and retaliatory.

25. Ms. Jeffries has pursued, and exhausted, her administrative remedies as provided by the United States Postal Service, and has been notified of her right to file a civil action.

## COUNT I

### Violation of the Racial, Gender, and National Origin Discrimination Provisions of Title VII

26. Paragraphs 1 to 25 are restated as if more fully set forth herein.

27. The discriminatory actions of defendant USPS described above were motivated by racial, gender, and national origina discrimination, in violation of 42 U.S.C. § 2000e et seq., the federal statutes intended to provide a remedy for discrimination in employment.

28. The discriminatory actions described herein were severe and pervasive and created a hostile and harassing environment that constituted an improper and actionable alteration of the terms, conditions, and privileges of Ms. Jeffries's employment, causing her to be threatened and humiliated and interfering with her capacity to work; moreover, these actions are ongoing.

29. Plaintiff Jeffries has suffered lost wages, mental anguish and humiliation, and other damages as a result of the wrongful actions of defendant.

## COUNT II

### Violation of the Retaliation Provisions of Title VII

30. Paragraphs 1-29 are restated as if more fully set forth herein.

31. The ongoing discriminatory actions of defendant USPS were the result of retaliatory motive based upon Ms. Jeffries's complaints about Title VII discriminatory harassment and disparate treatment.

32. Plaintiff Jeffries has suffered lost wages, mental anguish and humiliation, and other damages as a result of the actions of defendant.

## COUNT III

### Violation of the Racial, Gender, and National Origin Discrimination Provisions of Delaware Code

33. Paragraphs 1 to 32 are restated as if more fully set forth herein.

34. The above-identified discriminatory and retaliatory actions of defendant USPS were motivated by racial, gender, and national origin discrimination, in violation of the provisions of 19 Del. C. § 710 et seq., the Delaware state legislation prohibiting, inter alia, racial, gender, and national origin discrimination in employment.

35. Plaintiff Jeffries has suffered lost wages, mental anguish and humiliation, and other damages as a result of the actions of defendant.

**WHEREFORE,** plaintiff Janet Jeffries demands that judgment be entered in her favor against defendant on the above claims, including awards of compensatory damages, punitive damages, costs of suit, interest, attorneys' fees under 42 U.S.C. § 2000e et seq. and any other appropriate or relevant statutory or common law basis, and such other and further relief as this Court may deem appropriate.

DATE: November 22, 2006               Plaintiff, JANET F. JEFFRIES

*[signature]*
Janet Jeffries
2148 Seeneytown Road
Dover, DE ~~19702~~  19904
302-653-5411

8

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

06- 707

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Janet Jeffries

**DEFENDANTS** John E. Potter, Postmaster General, United States Postal Service

(b) County of Residence of First Listed Plaintiff  **Kent County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000e
Brief description of cause: Employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Money Damages
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 11/22/06   SIGNATURE OF ~~ATTORNEY OF RECORD~~ PLAINTIFF

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __06 - 707__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____ COPIES OF AO FORM 85.

__11/22/06 JJF__  
(Date forms issued)   (Signature of Party or their Representative)

_____  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:  C.A.# 06-707

CASE CAPTION: _____ v. _____

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received by Plaintiff: 11/22/06     Signed: _____ Pro Se Plaintiff

Date Received by Clerk's office: 11/22/06    Signed: E. Shuck _____ Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc: Docketing Clerk

wp\forms\rule4receipt 2-04