UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET F. JEFFRIES | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-707-*** |
| | : | |
| v. | : | |
| | : | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | : : : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Now comes the Federal Defendant, John E. Potter, Postmaster General of the United States Postal Service, by and through undersigned counsel, and responds to Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted.

3. This paragraph constitutes Plaintiff's jurisdictional allegations and conclusions of law, to which no response is required. To the extent this paragraph is deemed to contain allegations of material fact, they are denied.

4. Admitted.

5. It is admitted that Plaintiff commenced employment with Defendant in 1994 in Delaware. As for the remaining allegations of fact, the Defendant at this time lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, they are denied.

6.     It is only admitted that Plaintiff has been assigned to the Defendant's Processing and Distribution Center in Wilmington, Delaware since March of 1998. As for the remaining allegations of fact, the Defendant at this time lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, they are denied.

7.     At this time, the Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, said allegations are denied.

8.     At this time, the Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, said allegations are denied.

9.     It is admitted that: at the time in question Angelo Lambert was an acting Manager of Distribution Operations during Tour 3; he is African-American; and, Plaintiff informed him of her alleged confrontation with Delores Thomas on November 11, 2003. It is also admitted that Anne Thomas was a Supervisor during the time in question. As for the remaining allegations of fact, the Defendant at this time lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, they are denied.

10.    It is only admitted that Angelo Lambert met with Plaintiff on the date in question. As for the remaining allegations of fact, the Defendant at this time lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, they are denied.

11.    It is only admitted that Plaintiff met with Manager of Distribution Operations John R. Williams on or about November 14, 2003 during which Plaintiff made allegations

against Delores Thomas about the alleged incident of November 11, 2003. As for the remaining allegations of fact, the Defendant at this time lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, they are denied.

12. Denied.

13. At this time, the Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, said allegations are denied.

14. Denied.

15. It is only admitted that Delores Thomas was not disciplined. The remaining allegations are denied.

16. Defendant expressly denies that it or its employees subjected Plaintiff to any unlawful employment practices. As for the remaining factual allegations, the Defendant, at this time, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and, therefore, said allegations are denied.

17. At this time, the Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, said allegations are denied.

18. At this time, the Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, said allegations are denied.

19. At this time, the Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, said

allegations are denied.

20. Denied.

21. This paragraph contains both factual allegations and conclusions of law. With respect to the conclusions of law, no response is required. With respect to the factual allegations, Defendant only admits that it does not tolerate acts or threats of violence in the workplace. Defendant denies all of the remaining allegations of fact.

22. This paragraph contains both factual allegations and conclusions of law. With respect to the conclusions of law, no response is required. Defendant denies all factual allegations.

23. Denied.

24. This paragraph contains both factual allegations and conclusions of law. With respect to the conclusions of law, no response is required. Defendant denies all factual allegations.

25. This paragraph contains conclusions of law to which no response is required. To the extent that a response is needed, said allegations are denied.

## COUNT I

**Violation of the Racial, Gender, and National Origin Discrimination Provisions of Title VII**

26. Defendant reiterates its answers contained in numerical paragraphs 1 though 25 as if they were fully set further herein.

27. This paragraph contains conclusions of law to which no response is required. To the extent that a response is needed, said allegations are denied.

28. This paragraph contains both factual allegations and conclusions of law. With

respect to the conclusions of law, no response is required. Defendant denies all factual allegations.

29. Denied.

## COUNT II

### Violation of the Retaliation Provisions of Title VII

30. Defendant reiterates its answers contained in numerical paragraphs 1 though 29 as if they were fully set further herein.

31. This paragraph contains both factual allegations and conclusions of law. With respect to the conclusions of law, no response is required. Defendant denies all factual allegations.

32. Denied.

## COUNT III

### Violation of the Racial, Gender, and National Origin Discrimination Provisions of Delaware Code

33. Defendant reiterates its answers contained in numerical paragraphs 1 though 32 as if they were fully set further herein.

34. Count III of Plaintiff's Complaint, which includes the averments in this paragraph, is the subject of Defendant's Motion to Dismiss. To the extent that a response is required, all allegations of fact in this paragraph are denied.

35. Count III of Plaintiff's Complaint, which includes the averments in this paragraph, is the subject of Defendant's Motion to Dismiss. To the extent that a response is required, all allegations of fact in this paragraph are denied.

The WHEREFORE paragraph of Plaintiff's Complaint, part of which is the subject of Defendant's Motion to Dismiss, constitutes Plaintiff's request for relief to which no answer is required, and, therefore, said allegations are denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are untimely or barred by the Statute of Limitations.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Laches.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Res Judicata.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Doctrine of Estoppel.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Doctrine of Accord and Satisfaction.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust the administrative process with respect to some or all of her claims.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

        By:   /s/ Seth M. Beausang
                Seth M. Beausang
                Assistant U.S. Attorney

Of Counsel:                   District of Delaware
Daniel F. Mclaughlin         The Nemours Building
Eastern Area Law Department   1007 N. Orange Street, Suite 700
United States Postal Service     Wilmington, DE  19899-2046
(215) 931-5069                (302) 573-6277

**CERTIFICATE OF SERVICE**

      I, Seth M. Beausang, hereby attest under penalty of perjury that on this 27th day of February, 2007, I caused two copies of the Defendants' Answer to be served on the pro se Plaintiff by First Class Mail at the following address:

Janet F. Jeffries
2148 Seeneytown Road
Dover, DE 19904
(302)653-5411

      /s/ Seth M. Beausang
      Seth M. Beausang (DE I.D. No. 4071)