UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET F. JEFFRIES | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-707-*** |
| | : | |
| v. | : | |
| | : | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | : : | |
| | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S OPENING BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS**

            COLM F. CONNOLLY
            United States Attorney

    By:  Seth M. Beausang (I.D. No. #4071)
           Assistant United States Attorney
           1007 N. Orange Street
           Suite 700
           Post Office Box 2046
           Wilmington, Delaware 19899-2046
           (302) 573-6277

DATED: February 27, 2007.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.       STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.      PLAINTIFF'S STATE LAW CLAIM
AGAINST DEFENDANT FAILS BECAUSE
DEFENDANT IS A FEDERAL AGENCY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.     PLAINTIFF'S DEMAND FOR PUNITIVE
DAMAGES SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

**CASES** **PAGE**

*Ausfeldt v. Runyon*,
    950 F. Supp. 478 (N.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Baker v. Runyon*,
    114 F.3d 668 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Brown v. Gen. Servs. Admin.*,
    425 U.S. 820 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Bunda v. Potter*,
    369 F. Supp. 2d 1039 (N.D. Iowa 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cleveland v. Runyon*,
    972 F. Supp. 1326 (D. Nev. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Combs v. Potter*,
    No. 7:05-cv-68 (HL), 2006 WL 1344855 (M.D. Ga. May 15, 2006) . . . . . . . . . . . . 2, 5-6

*Doe v. County of Centre*,
    242 F.3d 437 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fullman v. Henderson*,
    146 F. Supp. 2d 688 (E.D. Pa. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gibson v. Henderson*,
    129 F. Supp. 2d 890 (M.D.N.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Henderson v. Henderson*,
    No. 99-4323, 2000 WL 567422 (E.D. Pa. May 10, 2000) . . . . . . . . . . . . . . . . . . . . . . 6

*Jense v. Runyon*,
    990 F. Supp. 1320 (D. Utah 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Leveto v. Lapina*,
    258 F.3d 156 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mathirampuzha v. Potter*,
    371 F. Supp. 2d 159 (D. Conn. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**CASES**                                                 **PAGE**

*Miller v. Runyon*,
    932 F. Supp. 276 (M.D. Ala. 1996) .......................................... 6

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997) ................................................ 4

*Oakstone v. Postmaster General*,
    397 F. Supp. 2d 48 (D. Me. 2005) .......................................... 6

*Prudencio v. Runyon*,
    3 F. Supp. 2d 703 (W.D. Va. 1998) ......................................... 6

*Robinson v. Runyon*,
    149 F.3d 507 (6th Cir. 1998) ................................................ 6

*Roby-Wilson v. Potter*,
    No. 01-3871, 2002 WL 32348831 (E.D. Pa. Feb. 14, 2002) ...................... 6

*Roland v. Potter*,
    366 F. Supp. 2d 1233 (S.D. Ga. 2005) ....................................... 6

*Roy v. Runyon*,
    954 F. Supp. 368 (D. Me. 1997) ............................................ 6

*Thompson v. Potter*,
    No. 03-210-SLR, 2004 WL 1465752 (D. Del. June 25, 2004) ................... 4-5

*Tuers v. Runyon*,
    950 F. Supp. 284 (E.D. Cal. 1996) ......................................... 6

*United States v. Stanley*,
    483 U.S. 669 (1987) ....................................................... 4

**STATUTES**

19 Del. C. § 710 ............................................................... 3-4

42 U.S.C. § 2000e-2 et seq. ("Title VII") ................................... passim

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff, on November 22, 2006, filed a Civil Complaint against the Defendant in the United States District Court for the District of Delaware.  On February 27, 2007, Defendant filed an Answer and a Motion to Dismiss.  This is Defendant's Opening Brief in support of its Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

1.      Plaintiff's state law employment discrimination claim under The Delaware Discrimination Act should be dismissed because a federal employee's only avenue for judicial relief from alleged federal employment discrimination is through Title VII. *See, e.g.*, *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976).

2.      Plaintiff's punitive damages claim should be dismissed because the United States and its agencies are not liable under Title VII for punitive damages. *See, e.g.*, *Combs v. Potter*, No. 7:05-cv-68 (HL), 2006 WL 1344855, at *3 n.5 (M.D. Ga. May 15, 2006).

**STATEMENT OF FACTS**

Plaintiff Janet F. Jeffries ("Plaintiff") is employed by the United States Postal Service ("Defendant"). (Compl. ¶ 1.) Defendant is a federal agency. (*Id.* ¶ 2.)

Believing that she has suffered workplace discrimination on the basis of race, gender, and national origin, as well as retaliation for having engaged in EEO related activity, the Plaintiff, on November 22, 2006, filed a Civil Complaint against the Defendant in the United States District Court for the District of Delaware. Among the claims contained in the Complaint is one alleging that Defendant violated 19 Del. C. § 710 et. seq., of The Delaware Discrimination Act. (*Id.* ¶¶ 33-35.) The Complaint also contains a demand for punitive damages against Defendant. (*See* Wherefore Clause of Compl.)

Plaintiff's state law discrimination claim fails because Title VII of the Civil Rights Act provides the exclusive remedy for claims of workplace discrimination against federal agencies. Defendant's status as a federal agency also precludes Plaintiff from recovering punitive damages. Accordingly, the Defendant requests that the Court dismiss Plaintiff's Delaware Discrimination Act claim, and dismiss her demand for punitive damages.

# ARGUMENT

## I.  STANDARD OF REVIEW.

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the Court must accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff.  *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001).  The Court need not, however, credit "'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  "[I]f the plaintiff fails either to plead a cause of action or to demonstrate that damages are appropriate as a matter of law, the complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6)."  *United States v. Stanley*, 483 U.S. 669, 692 n. 7 (1987).  Applying this standard of review to the present case, it is readily apparent that Plaintiff's state law claim, asserting a violation of The Delaware Discrimination Act, must be dismissed because Plaintiff has failed to state a claim for which relief can be granted.  Her demand for punitive damages should be dismissed because the Defendant is a federal agency and, accordingly, not liable for punitive damages under Title VII.

## II.  PLAINTIFF'S STATE LAW CLAIM AGAINST DEFENDANT FAILS BECAUSE DEFENDANT IS A FEDERAL AGENCY.

Count III of Plaintiff's Complaint alleges a violation of the provisions of 19 Del. C. § 710 et. seq., also known as The Delaware Discrimination Act.  This state law claim should be dismissed as a matter of law because a federal employee's only avenue for judicial relief from alleged federal employment discrimination is through Title VII.  *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *see also Thompson v. Potter*, No. 03-210-SLR, 2004 WL 1465752, at *3 (D. Del. June 25, 2004) ("Title VII establishes the exclusive remedy for federal

employees and postal workers who allege discrimination in the workplace."); *Fullman v. Henderson*, 146 F. Supp. 2d 688, 699 (E.D. Pa. 2001) ("This court notes, however, that Title VII provides the exclusive remedy for job-related discrimination in federal employment. . . . Therefore, to the degree that Fullman seeks relief through state law for the alleged discriminatory conduct by the Postal Service, the court dismisses those claims as barred by Title VII.").

Accordingly, Count III of Plaintiff's Complaint should be dismissed.

### III.    PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES SHOULD BE DISMISSED.

The Civil Rights Act of 1991 amended both Title VII and the Rehabilitation Act to allow plaintiffs alleging employment discrimination to seek punitive damages against individuals and private entities, <u>but not against government agencies</u> like the USPS.  *See* Civil Rights Act of 1991, Pub. L. No. 102-166, § 102, 105 Stat. 1071, 1073 (1992) ("A complaining party may recover punitive damages under this section against a respondent (<u>other than a government, government agency or political subdivision</u>) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual") (emphasis added); *see also Doe v. County of Centre*, 242 F.3d 437, 457 (3d Cir. 2001) (stating that the Civil Rights Act of 1991 "expressly amended Title I of the ADA (employment discrimination) to allow awards of punitive damages against individuals and private entities, <u>but not against municipalities and government entities</u>.") (emphasis added).

Not surprisingly then, nearly every court to consider whether the USPS can be sued for punitive damages has held that it cannot.  *See, e.g.*, *Combs v. Potter*, No. 7:05-cv-68 (HL), 2006 WL 1344855, at *3 n.5 (M.D. Ga. May 15, 2006) ("Furthermore, punitive damages are

unavailable against a Government agency, therefore Combs will be unable to recover punitive damages against the USPS as well.") (citing 42 U.S.C. § 1981a(b)(1)); *Oakstone v. Postmaster General*, 397 F. Supp. 2d 48, 61-62 (D. Me. 2005) ("[T]his Court joins the other courts, which have unanimously concluded that punitive damages are not available in Title VII cases against the Postal Service."); *Mathirampuzha v. Potter*, 371 F. Supp. 2d 159, 163 (D. Conn. 2005) ("The USPS is a 'government agency' for purposes of the statute exempting government agencies from punitive damages in Title VII actions."); *Bunda v. Potter*, 369 F. Supp. 2d 1039, 1049 (N.D. Iowa 2005) ("The statutory provision authorizing punitive damages in such cases expressly precludes punitive damages for 'government agencies.' . . . Therefore, the Postmaster is entitled to summary judgment on Bunda's prayer for punitive damages."); *Baker v. Runyon*, 114 F.3d 668, 670 (7th Cir. 1997) (holding that the USPS is immune from punitive damages in a Title VII action), *cert. denied*, 525 U.S. 929 (1998); *Robinson v. Runyon*, 149 F.3d 507, 517 (6th Cir. 1998) (holding that the USPS is immune from punitive damages in a Title VII action because the USPS is "unequivocally" a government agency).[1]

    Accordingly, Plaintiff's demand for punitive damages should be dismissed.

---

[1] *See also Roland v. Potter*, 366 F. Supp. 2d 1233, 1235 n.2 (S.D. Ga. 2005); *Roby-Wilson v. Potter*, No. 01-3871, 2002 WL 32348831, at *1 (E.D. Pa. Feb. 14, 2002); *Gibson v. Henderson*, 129 F. Supp. 2d 890, 904 (M.D.N.C. 2001); *Henderson v. Henderson*, No. 99-4323, 2000 WL 567422, at *1 (E.D. Pa. May 10, 2000); *Jense v. Runyon*, 990 F. Supp. 1320, 1324 (D. Utah 1998); *Prudencio v. Runyon*, 3 F. Supp. 2d 703, 706-08 (W.D. Va. 1998); *Ausfeldt v. Runyon*, 950 F. Supp. 478, 487-88 (N.D.N.Y. 1997); *Cleveland v. Runyon*, 972 F. Supp. 1326, 1327-28 (D. Nev. 1997); *Miller v. Runyon*, 932 F. Supp. 276, 277 (M.D. Ala. 1996); *Tuers v. Runyon*, 950 F. Supp. 284, 285 (E.D. Cal. 1996); *but see Roy v. Runyon*, 954 F. Supp. 368, 381-82 (D. Me. 1997) (allowing punitive damages claim against the USPS). *Roy* has been rejected by every other court to consider whether the USPS is liable for punitive damages under Title VII.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that Count III of Plaintiff's Complaint, and Plaintiff's punitive damages claim, be dismissed.

DATED: February 27, 2007.

                                                  Respectfully submitted,

                                                  COLM F. CONNOLLY
                                                  United States Attorney

                                       By:  /s/ Seth M. Beausang
                                                  Seth M. Beausang
                                                  Assistant U.S. Attorney

Of Counsel:                            District of Delaware
Daniel F. Mclaughlin                The Nemours Building
Eastern Area Law Department      1007 N. Orange Street, Suite 700
United States Postal Service        Wilmington, DE  19899-2046
(215) 931-5069                         (302) 573-6277

**CERTIFICATE OF SERVICE**

      I, Seth M. Beausang, hereby attest under penalty of perjury that on this 27th day of February, 2007, I caused two copies of the Defendants' Motion to Dismiss, Opening Brief in Support Thereof and Proposed Order to be served on the pro se Plaintiff by First Class Mail at the following address:

Janet F. Jeffries
2148 Seeneytown Road
Dover, DE 19904
(302)653-5411


                                        /s/ Seth M. Beausang
                                        Seth M. Beausang (DE I.D. No. 4071)