IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANET JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. A. No. 06-707-*** |
| vs. ) | |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO PUNITIVE DAMAGES ASPECT OF MOTION TO DISMISS**

Plaintiff JANET JEFFRIES

DATE: April 2, 2007     By:

Herbert G. Feuerhake, Esq.
The Law Office of Herbert G.
Feuerhake
521 West Street
Wilmington, Delaware 19801
(302) 658-6101
DE Atty. ID # 2590
herblaw@verizonmail.com
Attorney for Plaintiff Jeffries

# TABLE OF CONTENTS

Table of Authorities                                                    Page 2

Nature and Stage of the Proceedings                                     Page 3

Summary of Argument                                                     Page 3

Statement of Facts                                                      Page 3

Argument
    *Punitive damages are available against the Postal Service in a case brought under Title VII*                                                    Page 4


Conclusion                                                              Page 6

# TABLE OF AUTHORITIES

## Cases

*U.S. Supreme Court*

Loeffler v. Frank, 486 U.S. 549, 108 S.Ct. 1965, 1968-1970, 100 L.Ed.2d 549 (1988) ......... Pages 4, 5

*Courts of Appeal*

Baker v. Runyon, 114 F.3d 668 (7th Cir. 1997) ..........Page 5

*District Courts*

Roy v. Runyon, 954 F.Supp. 368 (D. Maine 1997) ...... Pages 4,5

**Statutes**
39 U.S.C. §401 .......... Page 4

42 U.S.C. § 1981a ............ Pages 4, 5

42 U.S.C. § 2000e-16 ............. Page 5

**Nature and Stage of the Proceedings**

Plaintiff adopts the Nature and Stage of the Proceedings as filed by the defendant herein. This is Plaintiff's Answering Brief in opposition to the Motion to Dismiss.

**Summary of Argument**

The Third Circuit has not specified whether the prohibition on punitive damages, which is specified in 42 U.S.C. § 1981a as inapplicable to government agencies, can be relied upon to defeat the imposition of punitive damages against an agency such as the Postal Service, which agency has been structured by Congress to operate in a manner similar to that of a private organization. As such, this Court should find that punitive damages are available or, in the alternative, that the issue can be deferred until a time closer to trial, in the event that the Third Circuit so rules.

**Statement of Facts**

Plaintiff Janet Jeffries has filed an employment discrimination claim against the United States Postal Service, and has claimed therein a right to punitive damages, which right the defendant now denies.

**Argument**

*<u>Punitive damages are available against the Postal Service in a case brought under Title VII.</u>*

Under 42 U.S.C. §1981a(b)(1), a plaintiff may seek the imposition of punitive damages against a defendant "other than a government, government agency, or political subdivision." As defendant has pointed out in its brief, the cases are not unanimous on the issue of the applicability of this prohibition on punitive damages to the Postal Service. In particular, in <u>Roe v. Runyon</u>, 954 F.Supp. 368 (D. Maine 1997), the District Court of Maine found that the Supreme Court of the United States has held that the special nature of the Postal Service (run more like a private business) allows it "to sue and be sued in its official name" per 39 U.S.C. §401(1), see discussion in <u>Loeffler v. Frank</u>, 486 U.S. 549, 108 S.Ct. 1965, 1968-1970, 100 L.Ed.2d 549 (1988), and further that this "sue-and-be-sued clause" should be "liberally construed and . . . the Postal Service's liability must be presumed to be the same as that of any other business," 108 S.Ct. at 1970. The <u>Roy v. Runyon</u> court, relying on <u>Loeffler</u> and its own logic, then found that, had Congress wanted to exempt the Postal Service from liability for punitive damages, it would have made such intent express by specifically identifying the Postal

Service in addition to "government agencies" in 42 U.S.C. § 1981a, much as it had done in identifying the Postal Service in addition to "executive agencies" in 42 U.S.C. § 2000e-16(a). See generally discussion in <u>Roe v. Runyon</u>, 954 F.Supp. at 381-383.

The logic in <u>Roe v. Runyon</u> is compelling, and in the view of the undersigned superior to the logic set forth in <u>Baker v. Runyon</u>, 114 F.3d 668 (7th Cir. 1997), a case overturning a decision of the District Court for the Northern District of Illinois that had followed the logic of <u>Roe v. Runyon</u>. The question remains an open one in the Third Circuit, and the language of the Supreme Court in <u>Loeffler</u> cited above might well convince the Third Circuit to adopt the logic of <u>Roe v. Runyon</u> over contrary opinions.

Plaintiff submits that, in the first instance, this Court should adopt the logic of <u>Roe v. Runyon</u> and deny defendant's Motion to Dismiss on this point. In the alternative, given the open nature of the question in the Third Circuit, the Court might defer decision on the issue until trial. In the interim, the Third Circuit might decide the issue; moreover, such a deferral will have no impact on the pretrial course of the case, because all of the evidence that defendant would be developing to discredit the basis for punitive damages will also be developed to discredit the underlying basis for discrimination (in other words, the defendant will still be

engaged in an effort to show that it did not act in an egregious fashion, while the plaintiff will be attempting to show that it did).

## Conclusion

For all of the reasons hereinabove set forth, it is respectfully submitted that the defendant's Motion to Dismiss the punitive damages claim of plaintiff should be denied.

Plaintiff JANET JEFFRIES

DATE: April 2, 2007

By: _____
Herbert G. Feuerhake, Esq.
The Law Office of Herbert G. Feuerhake
521 West Street
Wilmington, Delaware 19801
(302) 658-6101
DE Atty. ID # 2590
herblaw@verizonmail.com
Attorney for Plaintiff Jeffries

## Certificate of Service

I hereby certify that a copy of the foregoing *Notice of Appearance* has been filed electronically, and served thereby on opposing counsel, on April 2, 2007, opposing counsel being the following:

Seth Beausang, Esq.
Asst. U.S. Atty.
The Nemours Bldg.
1007 Orange Street, Suite 700
Wilmington, DE 19801

_____
Herbert G. Feuerhake, Esq.