UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET F. JEFFRIES | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-CV-707 |
| v. | : | |
| | : | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | : : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**


        COLM F. CONNOLLY
        United States Attorney

By:  Seth M. Beausang (I.D. No. #4071)
     Assistant United States Attorney
     1007 N. Orange Street
     Suite 700
     Post Office Box 2046
     Wilmington, Delaware 19899-2046
     (302) 573-6277

DATED: April 5, 2007.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ i

ARGUMENT ....................................................................................................................... 1

I. INTRODUCTION ................................................................................................. 1

II. PLAINTIFF'S PUNITIVE DAMAGES
CLAIM SHOULD BE DISMISSED. .................................................................... 1

CONCLUSION ................................................................................................................... 5

## TABLE OF AUTHORITIES

**CASES**                                                                                             **PAGE**

*Baker v. Runyon*,
   114 F.3d 668 (7th Cir. 1997) .................................................................................... 5

*Crumpton v. Runyon*,
   No. 97-3814, 1998 WL 125547 (E.D. Pa. Mar. 19, 1998) .............................. 4

*Henderson v. Henderson*,
   No. 99-4323, 2000 WL 567422 (E.D. Pa. May 10, 2000) .............................. 4

*Loeffler v. Frank*,
   486 U.S. 549 (1988) ................................................................................ 1-3

*McLean v. U.S. Postal Serv.*,
   544 F. Supp. 821 (W.D. Pa. 1982) ............................................................... 4

*Oakstone v. Postmaster General*,
   397 F. Supp. 2d 48 (D. Me. 2005) ............................................................ 3-4

*Robinson v. Runyon*,
   149 F.3d 507 (6th Cir. 1998) ....................................................................... 5

*Roby-Wilson v. Potter*,
   No. 01-3871, 2002 WL 32348831 (E.D. Pa. Feb. 14, 2002) ........................... 4

*Roy v. Runyon*,
   954 F. Supp. 368 (D. Me. 1997) ........................................................... passim

*United States v. Moats*,
   961 F.2d 1198 (5th Cir. 1992) ...................................................................... 4

*United States Postal Service v. Flamingo Indus. (USA) Ltd.*,
   540 U.S. 736 (2004) ................................................................................ 2-4

**STATUTES**

42 U.S.C. § 2000e-2 et seq. ("Title VII") .............................................................. passim

**ARGUMENT**

I.    **INTRODUCTION.**

Plaintiff fails to address in her Answering Brief the USPS's motion to dismiss her Delaware Discrimination In Employment Act claim and, accordingly, appears to concede that she cannot bring that claim. Thus, Count III of Plaintiff's Complaint should be dismissed.

Plaintiff's demand for punitive damages should also be dismissed because it relies solely upon a district court opinion that has been unanimously rejected, and whose reasoning has been undercut but subsequent caselaw from the Supreme Court. Indeed, every federal court to consider this issue – including even the District Court for the District of Maine (which, as Plaintiff points out, on one occasion had allowed a plaintiff to sue the USPS for punitive damages) – now holds that the USPS is immune from claims for punitive damages.

II.    **PLAINTIFF'S PUNITIVE DAMAGES CLAIM SHOULD BE DISMISSED.**

In her opposition brief, Plaintiff urges the Court to adopt the reasoning in *Roy v. Runyon,* 954 F. Supp. 368 (D. Me. 1997), in which the Honorable Magistrate Judge David M. Cohen concluded that the USPS was not immune from punitive damages, notwithstanding the Civil Rights Act of 1991 which states that "[a] complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ." Civil Rights Act of 1991, Pub. L. No. 102-166, § 102, 105 Stat. 1071, 1073 (1992) (emphasis added). In doing so, Magistrate Judge Cohen relied on the Supreme Court's 1988 opinion in *Loeffler v. Frank*, which held that the USPS was liable for prejudgment interest, noting that when Congress created the USPS in 1970, "it empowered the new entity 'to sue and be sued in its official name,' as part of a general congressional design to cause the Postal Service to be run more like a private business than was its departmental predecessor." *Roy*, 954 F. Supp.

at 382 (quoting *Loeffler v. Frank*, 486 U.S. 549, 565 (1988)). *Loeffler* held that the "sue and be sued" clause subjected the USPS to "the natural and appropriate incidents of legal proceedings," one of which was prejudgment interest. *Loeffler*, 486 U.S. at 555. Whether or not the reasoning in the *Roy* was ever sound,[1] more recent Supreme Court caselaw has made it clear that the USPS is a government entity that is entitled to sovereign immunity – which includes immunity from punitive damages – unless there is a specific waiver of that immunity.

Specifically, in *United States Postal Service v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736 (2004), the Supreme Court considered whether the USPS was subject to liability under the federal antitrust laws. In deciding that issue, the Court first held that the USPS "is part of the Government and that status indicates immunity unless there is a waiver." *Id.* at 744. In holding that the USPS was not liable under the federal antitrust laws, the Court noted that even though the "sue-and-be-sued clause waives immunity, and makes the Postal Service amenable to suit, as well as to the incidents of judicial process," that clause "did not strip it of its governmental status." Thus, *Flamingo Industries* makes clear that the USPS is a government entity which is therefore entitled to immunity from punitive damages under the explicit statutory command of the Civil Rights Act of 1991.

The holding in *Flamingo Industries* was recently applied to dismiss a punitive damages claim against the USPS by the District Court for the District of Maine – the same district that produced *Roy*. In *Oakstone v. Postmaster General*, the Honorable District Judge John A. Woodcock, Jr. held that "accepting *Flamingo*'s characterization of the Postal Service as 'a

---

[1] Magistrate Judge Cohen acknowledged in *Roy* that his conclusion that the USPS was potentially liable for punitive damages was contradicted by district courts from around the country. *See Roy*, 954 F. Supp. at 381-82.

government' or 'governmental agency,' Title VII expressly disallows punitive damages." 397 F. Supp. 2d 48, 61 (D. Me 2005).  In *Oakstone*, Judge Woodstock noted that Magistrate Judge Cohen's conclusion in *Roy* that the USPS was liable for punitive damages "now stand[s] alone against a growing avalanche of authority.  Every other court that has considered the issue has concluded otherwise." *Id.* at 61 (collecting cases).

In distinguishing *Loeffler*, Judge Woodstock found that while prejudgment interest was a "natural and appropriate incident[] of legal proceedings," punitive damages were not, especially when government entities are involved. *Oakstone*, 397 F. Supp. at 60 (quoting *Loeffler*, 486 U.S. at 555).  Judge Woodstock noted that punitive damages "are only rarely allowed against governmental entities and when they are, they are commonly subject to significant statutory and judicial restriction." *Id.*  He then held that "[p]unitive damages cannot, therefore, be said to be among 'the ordinary incidents of suits in such a business' . . . if the business is government." *Id.* (quoting *Loeffler*, 486 U.S. at 555).

Although Plaintiff correctly points out that the Court of Appeals for the Third Circuit has not had an occasion to dismiss a punitive damages claim against the USPS, the district courts in the Third Circuit have done so repeatedly. *See, e.g.*, *Roby-Wilson v. Potter*, No. 01-3871, 2002 WL 32348831, at *1 (E.D. Pa. Feb. 14, 2002) ("[T]he Postal Service cannot be liable for punitive damages in a Title VII case."); *Henderson v. Henderson*, No. 99-4323, 2000 WL 567422, at *1 (E.D. Pa. May 10, 2000) (holding that the USPS is immune from claims for punitive damages); *Crumpton v. Runyon*, No. 97-3814, 1998 WL 125547, at *4 (E.D. Pa. Mar. 19, 1998) (same); *McLean v. U.S. Postal Serv.*, 544 F. Supp. 821, 828 (W.D. Pa. 1982) ("[T]he case law indicates that punitive damages may not be recovered against the Postal Service.").

In addition to these courts, and other district courts around the country, at least two

3

circuit courts have also held that the USPS is immune from claims for punitive damages. *See Robinson v. Runyon*, 149 F.3d 507, 517 (6th Cir. 1998) ("It is therefore clear that the Postal Service is a government agency for purposes of Title VII and accordingly we follow the Seventh Circuit in finding that as such the Postal Service is exempt from punitive damages."); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) (holding that the USPS is immune from claims for punitive damages).

In light of the above cases, which unanimously agree that the USPS is immune from claims for punitive damages, it is abundantly clear that the holding in *Roy* is an outdated anomaly which should not be followed. Indeed, even the District of Maine, where *Roy* originated, has joined the rest of the federal courts and held that the USPS is immune from claims for punitive damages. Plaintiff's claim for punitive damages should be dismissed.

Finally, the Court should reject Plaintiff's invitation to defer its decision on the USPS's motion to dismiss until trial. As noted above, district courts from this district and around the country have not hesitated to dismiss claims against the USPS for punitive damages. Deferring a decision on the USPS's motion would be particularly inappropriate here given that the motion asserts the USPS's sovereign immunity. *See, e.g.*, *United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992) ("sovereign immunity is an immunity from the burdens of becoming involved in any part of the litigation process, from pretrial wrangling to trial itself"). Moreover, allowing the Plaintiff's punitive damages claim to survive during the pre-trial process would unduly complicate the USPS's efforts to settle this case, if any. Accordingly, Plaintiff's punitive damages claim must be dismissed pre-trial.

## CONCLUSION

For the reasons stated above, and in its Opening Brief, Defendant respectfully requests that Count III of Plaintiff's Complaint, and Plaintiff's punitive damages claim, be dismissed.

DATED: April 5, 2007.

        Respectfully submitted,

        COLM F. CONNOLLY

        United States Attorney

        By: /s/ Seth M. Beausang
        Seth M. Beausang (De. I.D. No. 4071)
        Assistant U.S. Attorney

Of Counsel:        District of Delaware
DANIEL F. McLAUGHLIN        The Nemours Building
Eastern Area Law Department        1007 Orange Street, Suite 700
United States Postal Service        Wilmington, DE  19899-2046
(215) 931-5069        (302) 573-6277

## CERTIFICATE OF SERVICE

       I, Seth M. Beausang, hereby attest under penalty of perjury that on this 5th day of April, 2007, I caused two copies of the Defendants' Reply Brief in Support of its Motion to Dismiss to be served on the counsel for Plaintiff by electronic filing:

Herbert G. Feuerhake, Esq.
Law Offices of Herbert G. Feuerhake
521 West Street
Wilmington, Delaware 19801


                                      /s/ Seth M. Beausang
                                Seth M. Beausang (DE I.D. No. 4071)