UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANET F. JEFFRIES : | |
| : | |
| Plaintiff, : | Civil Action No. 06-707-JJF |
| : | |
| v. : | |
| : | |
| JOHN E. POTTER, POSTMASTER : | |
| GENERAL, UNITED STATES POSTAL : | |
| SERVICE : | |
| : | |
| Defendant. : | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO**
**D. DEL. LOCAL RULE 41.1 FOR FAILURE TO PROSECUTE**

NOW COMES Defendant John E. Potter, Postmaster General, United States Postal Service, by and through his counsel, Colm F. Connolly, United States Attorney, and Seth M. Beausang, Assistant United States Attorney, and hereby moves, pursuant to D. Del. Local Rule 41.1, to dismiss Plaintiff's Complaint for failure to prosecute. In support of the Motion, the Defendant states:

1.   D. Del. Local Rule 41.1 states that, "in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its own motion or upon any application of any party, and after reasonable notice and opportunity to be heard, enter an order dismissing such case unless good reason for the inaction is given." As explained below, Plaintiff has not taken any meaningful action in this matter since *April 2, 2007.* In the last three months, the only actions Plaintiff has taken have been to twice move for an extension of time to respond to Defendant's Motion for Summary Judgment. (Doc. Nos. 35 & 37.) Accordingly, Defendant moves for an order, after reasonable notice and a opportunity for Plaintiff to be heard, dismissing

Plaintiff's Complaint.

2. Plaintiff filed her Complaint on November 22, 2006, purporting to bring race, gender, and national origin discrimination claims, and retaliation claims, against the Defendant, all based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. (Doc. No. 1.)

3. On February 27, 2007, Defendant filed an Answer. (Doc. No. 5.) On the same day Defendant moved dismiss Plaintiff's state law and punitive damages claims. (Doc. Nos. 6 & 7.)

4. On April 2, 2007, Plaintiff filed a response to Defendant's Motion to Dismiss, in which she apparently conceded that her state law claims were precluded, yet defended her right to recover punitive damages from the Defendant. (Doc. No. 14.) The Defendant filed a Reply on April 5, 2007. (Doc. No. 15.) The Defendant's Motion to Dismiss remains pending.

5. Plaintiff's April 2, 2007 response to Defendant's Motion to Dismiss was, essentially, *the last meaningful action Plaintiff has taken in this case.* Notably, Plaintiff never served her required Rule 26(a)(1) disclosures. Plaintiff also never served a single discovery request on the Defendant – not one notice of deposition, interrogatory, or request for production of documents. The discovery period ended on March 10, 2008. (Doc. No. 22.)

6. After substantial delay, (see Doc. No. 27), Plaintiff responded to Defendant's written discovery requests in late-December, 2007, and early-January, 2008, and produced Plaintiff for a deposition on January 28, 2008. Defendant then filed a Motion for Summary Judgment on February 21, 2008. (Doc. No. 33 & 34.)

7. Plaintiff's response to the Defendant's Motion for Summary Judgment was due on March 10, 2008. On that day, Plaintiff filed a motion for a 10-day extension of time to respond

to Defendant's Motion for Summary Judgment (Doc. No. 35), which was granted, meaning Plaintiff's response was due March 20, 2008. (Doc. No. 36.)

8.   On April 3, 2008, *after Plaintiff's response was due,* Plaintiff filed an untimely second motion for an extension of time to respond to Defendant's Motion for Summary Judgment, this time seeking an extension until April 7, 2008. (Doc. No. 37.) Plaintiff's motion was granted on April 10, 2008, and Plaintiff was directed to file her response to Defendant's Motion for Summary Judgment upon receipt of the Court's Order. (Doc. No. 38.) More than thirty days have passed and Plaintiff has still not filed any response to Defendant's Motion for Summary Judgment.

9.   Under the circumstances, Defendant respectfully moves the Court for an order, after reasonable notice and a opportunity for Plaintiff to be heard, dismissing Plaintiff's Complaint for failure to prosecute. See, e.g., Morris v. Bayhealth Med. Ctr., No. 06-290-SLR, 2008 WL 78751, at *1 (D. Del. Jan. 7, 2008) (dismissing the plaintiff's complaint for failure to prosecute because the plaintiff failed to respond to the defendant's motion for summary judgment despite receiving several opportunities to do so). A proposed Order of dismissal is attached.

DATED: May 12, 2008.

                                      Respectfully Submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                         By:    /s/ Seth M. Beausang
                                      Seth M. Beausang (I.D. No. 4071)
                                      Assistant United States Attorney
                                      1007 Orange Street, Suit 700
                                      Wilmington, DE 19801
                                      (302) 573-6277

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET F. JEFFRIES | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-707-JJF |
| | : | |
| v. | : | |
| | : | |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2008, upon consideration of Defendant's Motion to Dismiss Pursuant To D. Del. Local Rule 41.1 For Failure To Prosecute, and all papers filed in support thereof and opposition thereto, and after having given Plaintiff reasonable notice and an opportunity to be heard, it is ORDERED that Plaintiff's Complaint is dismissed for failure to prosecute.

IT IS SO ORDERED

_____
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE