```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

JANET F. JEFFRIES,             :
                               :
        Plaintiff,             :
                               :
     v.                        : Civil Action No. 06-707 JJF
                               :
JOHN E. POTTER, POSTMASTER     :
GENERAL, UNITED STATES POSTAL  :
SERVICE                        :
        Defendant              :
```

Herbert G. Feuerhake, Esquire of THE LAW OFFICE OF HERBERT G. FEUERHAKE, Wilmington Delaware.

Attorney for Plaintiff.

Seth M. Beausuang, Assistant United States Attorney, Esquire of THE DEPARTMENT OF JUSTICE FOR THE UNITED STATES OF AMERICA, Wilmington, Delaware.

Attorney for Defendant.

## MEMORANDUM OPINION

July 1, 2008

Farnan, District Judge *[signed: Joseph J. Farnan Jr.]*

Pending before the Court is Defendant Postmaster General John E. Potter's Motion to Dismiss Plaintiff's state law discrimination claim and demand for punitive damages. For the reasons discussed, the Court will grant Defendant's Motion to Dismiss.[1]

## I. BACKGROUND

Plaintiff Janet F. Jeffries ("Jeffries"), brought this civil rights action against Defendant John E. Potter ("Potter"), Postmaster General, United States Postal Service, on November 22, 2006. Jeffries alleges workplace discrimination on the basis of race, gender, and national origin by the United States Postal Service ("USPS"), as well as retaliation for having reported such discrimination to her supervisors. (D.I. 1 ¶¶ 7-25.) She seeks relief under both the Delaware Discrimination Act, 19 Del. C. § 710, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. (D.I. 1. ¶¶ 26-32.) Jeffries seeks punitive damages as part of her Title VII claim. (D.I. 1. at 7.) Potter filed the present Motion to Dismiss on February 27, 2007 (D.I. 6.).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a

---

[1] Defendant's motion is non-dispositive as it does not address Plaintiff's federal and non-punitive damages claims.

2

party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the sufficiency of the complaint's allegations. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). When reviewing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and view them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); Fed.R.Civ.P. 8. A plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 127 S.Ct. at 1965 (citations omitted). Therefore, " 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." <u>Phillips</u>, 515 F.3d at 235 (quoting <u>Twombly</u>, 127 S.Ct. at 1965 n. 3). "This 'does not impose a probability

3

requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

### III. DISCUSSION

#### A. Whether Title VII Provides the Exclusive Remedy for Employment Discrimination by the United States Postal Service.

By his Motion, Potter contends that the Court should dismiss Count III of Jeffries' Complaint, which alleges a violation of the Delaware Discrimination Act, because Title VII is the exclusive remedy for discrimination claims brought against a federal agency.

The United States Supreme Court has held that Title VII of the Civil Rights Act of 1964, as amended, provides the "exclusive judicial remedy for claims of discrimination in federal employment." Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976). Jeffries has cited no authority to the contrary, and in fact has not responded to the Defendant's argument on this point. The Court thus concludes that Jeffries' sole remedy for allegations of employment discrimination by the USPS sounds in Title VII. Accordingly, the Court will grant Potter's motion with respect to Jeffries' claim under the Delaware Discrimination Act.

#### B. Whether Sovereign Immunity or Title VII Itself Bars Claims For Punitive Damages Against the United States Postal Service.

A two-step inquiry applies in determining whether a

4

federal entity such as the USPS may be subjected to liability in a civil suit: (1) has there been a waiver of sovereign immunity for actions against the federal entity in question; and (2) do the substantive provisions of the statute in question apply to this entity. United States Postal Service v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 743 (2004)(generalizing the analysis formulated in FDIC v. Meyer, 510 U.S. 471, 480-84 (1994)).

        1.    *Whether Congress Waived the USPS's Soverign Immunity.*

Potter contends that the USPS's sovereign immunity bars Jeffries' claim for punitive damages. The Supreme Court has declared that Congress waived the USPS's sovereign immunity with regard to Title VII actions by granting it the power to "sue and be sued under its official name." Loeffler v. Frank, 486 U.S. 549, 556. (1988). Accordingly, the Court concludes that sovereign immunity does not preclude Jeffries' claim for punitive damages against the USPS.

        2.    *Whether Title VII Itself Bars Claims for Punitive Damages Against the USPS.*

By his Motion, Potter further contends that the USPS cannot be subject to punitive damages because such claims are barred by statute.

A waiver of sovereign immunity results in punitive liability *only* if the substantive law in question is intended to reach the federal entity. Flamingo, 540 U.S. at 744.

Under Title VII, a plaintiff may seek punitive damages for violations of civil rights by entities "other than a government, government agency, or political subdivision." 42 U.S.C. § 1981a(b)(1). The Postal Reorganization Act ("the PRA"), which created the USPS in 1970, called it "a basic and fundamental service provided to the people by the government. . . ." Pub. L. No. 91-375, 89 Stat 719 (1970). The Supreme Court noted that the Postal Service is "an independent establishment of the executive branch of the Government of the United States." Flamingo 540 U.S. at 744. It is "part of the Government and that status indicates immunity unless there is a waiver." Id. The Supreme Court emphasized that although the sue-and-be-sued clause waived the Postal Service's sovereign immunity, Congress did not "strip it of its governmental status," and that the USPS remains a "federal entity." Id.

Jeffries responds that language from Loeffler indicates that the USPS is subject to the same liability for punitive damages as a private entity: "the sue-and-be-sued clause must be liberally construed and . . . the Postal Service's liability must be presumed to be the same as that of any other business." Loeffler, 486 U.S. at 556. Jeffries relies on Roy v. Runyon, 954 F. Supp. 368 (D. Me. 1997), which found that the USPS's lack of sovereign immunity made it subject to

6

claims for punitive damages, to support this contention.

The Court is unpersuaded. Jeffries has conflated the two separate inquiries mandated in Meyer, and mistakenly reads the Loeffler language she relies on, which addresses the immunity requirement, to satisfy the statutory authorization requirement. Moreover, the single case Jeffries relies on to support her contention, Roy, has been called into question in its own circuit. See Oakstone v. Postmaster General, 397 F. Supp. 2d 48, 61 (D. Me. 2005). Title VII expressly bars plaintiffs from seeking punitive damages against a "government agency." As Flamingo makes clear, the USPS is a government agency. See also Baker v. Runyon, 114 F.3d 668, 669 (6th Cir. 1998) and Robinson v. Runyon, 149 F.3d 507, 516 (7th Cir. 1997) (both holding that the USPS was a government agency and immune from punitive damages in a Title VII action).

Accordingly, the Court concludes that the USPS is a government agency for the purposes of Jeffries' Title VII claim. Because Title VII does not permit punitive damages against a "government agency," the Court will grant Defendant's motion with respect to Jeffries' demand for punitive damages.

**V. CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss with respect to both Jeffries'

7

state law discrimination claim and her demand for punitive damages. Of course, Jeffries' federal claims and demands for non-punitive damages will be unaffected.

An appropriate order will be entered.